# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**SEDRICK D. RUSSELL, #145868**                                             **PETITIONER**

**VERSUS**                                       **CIVIL ACTION NO. 3:12cv603-TSL-JMR**

**RONALD KING**                                                                   **RESPONDENT**

## REPORT AND RECOMMENDATION

This matter is before the Court on Respondent's Motion [19] to Dismiss for Failure to Exhaust. Having considered the Motion, the Court recommends that the Motion to Dismiss should be granted and that the Petition in this case should be dismissed without prejudice for failure to exhaust available state remedies.

Russell was convicted on January 28, 2009, of one count of aggravated assault and one count of possession of a firearm by a convicted felon. [19-1, 19-2.] Russell was sentenced as a habitual offender on January 30, 2009, to serve two terms of life without parole, with the sentences running concurrently. [19-3, 19-4.] The Respondent argues that to satisfy the exhaustion requirement, a federal *habeas* petitioner generally must present his claims to the state's highest court in a procedurally proper manner and provide the highest state court with a fair opportunity to pass on those claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). In this case, Russell has not received a ruling from the Mississippi Supreme Court on his "Motion for Leave to File for Post-Conviction" which was still pending at the time the federal petition was filed in this Court. [19-11 to 19-13.]

The United States Supreme Court addressed whether a stay in a *habeas* proceeding is appropriate in *Rhines v. Weber*, 544 U.S. 269 (2005). A district court has discretion to stay a mixed *habeas* petition to allow a petitioner to present his unexhausted claims to the state court

and later return to federal court for review of his perfected petition. *Rhines*, 544 U.S. at 273-7. Although AEDPA does not deprive district courts of the authority to issue stays, it does circumscribe their discretion to do so. *Id*. at 276. A court's discretion in issuing a stay must be compatible with the AEDPA's purposes which includes the reduction of delays in the execution of state and federal criminal sentences. *Id*.

A stay must be justified by good cause for the petitioner's failure to exhaust his claims in the state court. *Rhines,* 544 U.S. at 277. A stay may, however, be justified if the petitioner "runs the risk of forever losing [his] opportunity for federal review of [his] unexhausted claims." *Rhines*, 544 U.S. at 269. The Court recommends in this case that the Petition should be dismissed without prejudice for failure to exhaust available state remedies and that the Motion to Dismiss [19] should be granted. A copy of this R&R was mailed to the Plaintiff at his last known address, by certified mail, return receipt requested.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, or by no later than March 21, 2013, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–9 (5th Cir. 1996) (*en banc*), *superceded by statute*

*on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

This the 7th day of March, 2013.

_s/ John M. Roper, Sr._
CHIEF UNITED STATES MAGISTRATE JUDGE